**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| STACEY W. BRACKENS,                    )<br>                                        )<br>            Plaintiff,              )<br>                                        )<br>v.                                      )<br>                                        )<br>J. ENTERPRISES, INC. d/b/a          )<br>COLORTYME,                              )<br>            Defendant.              )<br>_____ ) | **CIVIL ACTION**<br><br>No. 06-1205-MLB |

**MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se, filed this case on December 16, 2005. (Doc. 1). In this court's memorandum and order entered on February 27, 2007, the court dismissed all of plaintiff's claims with the exception of his claim for breach of contract. (Doc. 23). On May 1, 2007, this court ordered plaintiff to show cause why his case should not be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)(ii). (Doc. 29). Plaintiff has responded. (Doc. 30).

**I.   FACTS[1]**

Plaintiff Stacey Brackens, at one time a resident of Texas, but now apparently a resident of Colorado, brings this action against defendant Colortyme for events that occurred while plaintiff resided in Wichita, Kansas. Plaintiff rented both a dinette and a bed from Colortyme. Plaintiff's contract with Colortyme required plaintiff to make monthly payments. On November 2, 2005, plaintiff entered Colortyme to make his monthly payment. Plaintiff informed Sy, the

---

[1] These facts are largely taken from this court's previous memorandum and order filed February 27, 2007. (Doc. 23).

manager of Colortyme, that plaintiff was moving to Austin, Texas. Sy stated that plaintiff could continue to make payments from Texas. Plaintiff told Sy that he would do so. On November 26, 2005, plaintiff called Sy to ask him to send a truck to plaintiff's home and pick up the bed because he was only going to take the dinette to Texas. Thirty minutes later, the truck came to plaintiff's home. At that time, the movers called Sy who informed plaintiff that Colortyme wanted both the bed and the dinette. Plaintiff told Sy over the phone that he did not want the dinette removed since he had been paying for the dinette for more than a year.

Sy went to plaintiff's home to talk to plaintiff. Plaintiff became angry and both plaintiff and Sy were yelling outside of plaintiff's home. Plaintiff demanded that Sy and the movers leave, but Sy kept asking for the dinette. Plaintiff refused to part with the dinette and Sy called the police. Sy allegedly told plaintiff that he would have plaintiff's car impounded unless plaintiff gave him the dinette. Sy, however, did not remove the dinette from plaintiff's property. Instead, plaintiff moved to Texas with the dinette, a fact conveniently omitted from his submissions until recently.

**II. ANALYSIS**

A. Breach of Contract

Under Kansas law, a plaintiff must establish the following to state a claim for breach of contract: "(1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the breach." Britvic Soft Drinks Ltd. v. Acsis Techs.,

Inc., 265 F. Supp.2d 1179, 1187 (D. Kan. 2003).

According to the complaint and plaintiff's most recent submission, the court is concerned that plaintiff has failed to state a claim for breach of contract since plaintiff remains in possession of the table and lacks any recoverable damages. Plaintiff's response to this court's order to show cause asserts that the alleged oral contract was breached and he has suffered damages as a result:

> The court must see that plaintiff's case has never been about the table in it's self or the amount owned on the table, but about the offence of what Colortyme did when they in the face of my family, neighbors, and before God himself not to mention breaking the contract, that they had with me. They came to my home after given me the consent to take the table out of State they came to my home to reneged on a promise that the Manager Mr. Sy had made with me just days before.
> . . . [W]heather Colortyme has the table is not the issue, it's about the fact that Colortyme broke the contract when they came out and falsely called the police lying about me having a gun and going back on a promise that Mr. Sy made with me when he gave me permission to take the table out of State. . . Yes I have the table buy I had to go through living hell to get it, Colortyme tried to still it. . . So the Court must believe that we had an agreement and that Mr. Sy did in fact give me permission to take the bed out of State. That's what this case is about, that they broke the Contract when they reneged on the agreement that I could take the bed out of the State, which they never denied. . . So even if this Court fines for the defense I at that time will owe Colortyme the balance on the table. The Court is thinking that if it finds for Colortyme that this case will be over, nopt so I will have to pay Colortyme more than $1000.00 if this court fines fore Colortyme because they are counter suing me in this same matter and this same case.

(Doc. 30 at 1-3)(sic throughout).

Plaintiff's response fails to demonstrate that plaintiff's complaint states a claim for breach of contract. Plaintiff's alleged oral agreement with defendant consisted of an understanding that plaintiff could remove the dinette to Texas. Plaintiff asserts that

-3-

this agreement was breached when defendant's employees went to his home to remove the bed and the dinette. However, the employees did not remove the dinette. Their presence and alleged disturbance does not breach the terms of the alleged oral agreement between plaintiff and defendant.

Moreover, plaintiff has failed to present any allegations of damages. Any alleged damages caused by plaintiff's public humiliation are not recoverable on a claim for breach of contract. United of Omaha Life Ins. Co. v. Reed, 649 F. Supp. 837, 839 (D. Kan. 1986)("Damages for breach of contract are limited to pecuniary losses sustained and exemplary or punitive damages are not recoverable in the absence of an independent tort.")(citing Temmen v. Kent-Brown Chev. Co., 227 Kan. 45, 605 P.2d 95 (1980)). Plaintiff's only other alleged damage is the amount claimed by defendant in its counterclaim. Those speculative and unrealized damages, however, cannot support his claim for breach of contract.

Accordingly, the court finds that plaintiff has failed to state a claim for breach of contract. Plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

B.   Counterclaim

Defendant asserted a counterclaim to recover the amount owed and outstanding on the dinette. (Doc. 9). While the court may exercise ancillary jurisdiction over the counterclaim, Pipeliners Local Union No. 798, Tulsa, Okl. v. Ellerd, 503 F.2d 1193, 1197-99 (10th Cir. 1974), the court declines to do so. Defendant's counterclaim is therefore dismissed, without prejudice.

**III. CONCLUSION**

Plaintiff's claim for breach of contract is dismissed. Defendant's counterclaim is dismissed, without prejudice. The clerk is ordered to enter judgment pursuant to Federal Rule of Civil Procedure 58.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   17th   day of May 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-5-